UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and PRUCO SECURITIES, LLC, | Case No. 3:15 cv 445 |
| | JUDGE THOMAS M. ROSE |
| Plaintiffs, | **AGREED ORDER AND ENTRY FOR INJUNCTIVE RELIEF** |
| v. | |
| HANNAH E. SWIGERT and MATTHEW J. MEYER, | |
| Defendants. | |

1. On December 15, 2015, Plaintiffs The Prudential Insurance Company of America ("Prudential Insurance") and Pruco Securities, LLC ("Pruco") (collectively, "Prudential") commenced this action seeking a temporary restraining order and preliminary injunction against Defendants Hannah E. Swigert and Matthew J. Meyer (collectively, "Defendants"); and

2. Without admitting to any wrongdoing or liability, the parties have stipulated to the entry of this Order to resolve (i) the claims asserted by Prudential in this action; and (ii) Prudential's request for permanent injunctive relief in the arbitration pending before FINRA Dispute Resolution, Inc. ("FINRA"), entitled *Pruco Securities, LLC and The Prudential Insurance Company of America and v. Hannah E. Swigert and Matthew J. Meyer*; Case No. 15-03343 (the "FINRA Arbitration").

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. From the date hereof through and including October 29, 2017, Defendants, and all those acting in concert with them, including but not limited to the directors, officers, employees, and agents of LPL Financial, LLC ("LPL"), are hereby enjoined and restrained from:

(a) soliciting any business from any client whom Defendants served or whose name became known to them during the course of their respective associations with Prudential which would result in the replacement of any product which was sold or serviced by or through Prudential at any time during Defendants' respective affiliations with Prudential, or causing, assisting or inducing any client or contractholder of Prudential, or any person whose name became known to Defendants during the course of their respective associations with Prudential, to discontinue or terminate any policy, annuity, contract, service or product of any kind, or to purchase services or products that compete, directly or indirectly, with those sold or serviced by or through Prudential which would result in the discontinuance or termination of any product sold or serviced by or through Prudential, or causing, assisting or inducing any such client to discontinue or terminate any product sold by or serviced by or through Prudential;

(b) inducing or attempting to induce any person associated with, or under contract with, Prudential to terminate, or otherwise facilitate the termination by any such person of, his/her relationship with Prudential, and inducing or attempting to induce any such person to sell or solicit products or services on behalf of another company which are of the same or similar types of those issued, marketed or sold by the Prudential, or otherwise facilitate such conduct; and

(c) using any confidential or proprietary information belonging to Prudential, or disclosing or divulging to any third-party any confidential or proprietary information belonging to Prudential.

3. Defendants, and all those acting in concert with them, including but not limited to the directors, officers, employees of LPL, shall return all records and documents in whatever form taken from Prudential (whether original, copied, computerized or handwritten) containing the names, addresses, or financial information of Prudential customers to Prudential or its counsel and purge (and print and maintain a record of such purged documents and information so that such documents and information can be identified by Plaintiffs' counsel and the Court) such materials and

documents and information derived therefrom from the possession, custody or control of Defendants and/or LPL within 72 hours of notice to Defendants or their counsel of the entry of this Order.  Defendants shall certify in writing, under penalty of perjury, that they have complied with this paragraph 3.

4. Within seven (7) days of the date of this Order, Prudential shall provide FINRA with a copy of this Order.  The parties are directed to proceed to non-expedited arbitration before FINRA on those issues not resolved by this Stipulation and Order.  This Order shall not prejudice, preclude, bar or limit the arguments of the parties for the affirmative relief they seek or the defenses they assert during the FINRA arbitration.

5. The parties shall file a joint status report on the status of the FINRA arbitration every ninety days from the date hereof through the conclusion of the FINRA arbitration.  The parties shall also inform the Court within thirty days of the disposition of the FINRA arbitration.

6. This Order shall stay in effect until further order of the Court.


By the Court:


*s/ Thomas M. Rose*
United States District Judge